THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Mailed: August 31, 2017

Opposition No. 91210479

*United States Postal Service*

*v.*

*RPost Communication Limited*

**Katie W. McKnight,**
**Interlocutory Attorney:**

During its testimony period, pursuant to Trademark Rule 2.123(a), 37 C.F.R. § 2.123(a), amended effective January 14, 2017, Opposer submitted the testimony declarations of witnesses Jennifer Lynch, Karen F. Key, Kelley Sullivan, and Thad Dilley (collectively, the "Declarants"). On June 26, 2017, also pursuant to Trademark Rule 2.123(a), Applicant filed and served a notice of election to take oral cross-examination of the Declarants at the offices of Applicant's counsel in Santa Monica, California on August 30, 2017 through September 1, 2017. On July 18, 2017, Opposer filed a motion to quash the notice of election and to require Applicant to conduct its cross-examination of the Declarants in Washington, D.C. The motion is fully briefed.

Opposer argues that Applicant's notice of election is improper inasmuch as it requires the Declarants to travel from Washington, D.C. to Santa Monica, California for cross-examination, which is not a "reasonable time and place" under Trademark Rule 2.123(c), 37 C.F.R. § 2.123(c). More specifically, Opposer argues that requiring

the Declarants to travel to Santa Monica would be expensive, and inconvenient to the Declarants, who live near and work in Washington, D.C., and who would be required to miss two or more days of work. Opposer contends that, absent peculiar or unusual circumstances, a deposition of corporate agents and officers should take place at the corporation's principal place of business, in this instance, Washington, D.C. Finally, Opposer argues that cross-examination of the Declarants in California would subvert the intent of the 2017 amendments to Trademark Rule 2.123 allowing testimony by declaration because Trademark Rule 2.123 requires a party seeking cross-examination to bear the expense of oral cross-examination.

In response, Applicant points out that Trademark Rule 2.123(c) allows depositions to be "noticed for any reasonable time and place in the United States," which could include Santa Monica, California. While Trademark Rule 2.120(b), 37 C.F.R. § 2.120(b), which addresses discovery depositions, requires that the deposition of a natural person "be taken in the Federal judicial district where the person resides or is regularly employed," Applicant contends that Trademark Rule 2.123(c), applicable to testimony depositions such as these, does not include the same geographic limitation. Applicant further argues that the intent of amended Trademark Rule 2.123 was to place the cost of the court reporter, but not travel, on the party seeking oral cross-examination.

Effective January 14, 2017, the amended rules for Board proceedings allow testimony of witnesses in the form of an affidavit or declaration. *See* Trademark Rule 2.123(a)(1), 37 C.F.R. § 2.123(a)(1). However, such testimony is subject to "the right

of any adverse party to elect to take and bear the expense of oral cross-examination of that witness" and the duty to make witnesses testifying by declaration or affidavit "available" for cross-examination. *Id*. Oral cross-examination of declarants submitted in the form of an affidavit or declaration under the amended rules is conducted like cross-examination of witnesses providing testimony by deposition, except the cross-examination does not immediately follow an oral examination as it would in a deposition, but follows a notice of election of cross-examination and is to be completed within thirty days of the notice of election. Trademark Rule 2.123(c).

Before implementation of the amended rules, the USPTO addressed the same argument now made by Applicant that amended Trademark Rule 2.123 unfairly puts the burden on the party seeking cross-examination to pay the costs for traveling to the witness's place of business. Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 81 Fed. Reg. 69950, 69964 (October 7, 2016) (Notice of Final Rulemaking). The Notice of Final Rulemaking explained that "[e]ven with oral testimony depositions, the party cross-examining the witness must pay *its own travel expense* and its own attorney expenses. The proffering party has had and will retain the expense of producing its witness. The final rule adds no burden on these points." *Id*. (emphasis added).[1] The Board reads the requirement under Trademark Rule

---

[1] With implementation of Trademark Rule 2.123(a)(1), the Board amended the Trademark Trial and Appeal Board Manual of Procedure (TBMP) to set out this same explanation of the rule: "As with cross-examination at oral testimony depositions, the party cross-examining the affiant or declarant must pay its own travel and attorney expenses. The proffering party has and continues to bear the expense of producing its witness. However," as Applicant notes, "the party seeking oral cross-examination of an affiant or declarant must cover the expense of the court reporter." TBMP § 703.01(b) (June 2017). Included within the cross-examining party's "travel expenses" is the cost of lodging, if necessary. In addition, the requirement in

2.123(c) to notice a deposition "for any reasonable time and place" in conjunction with the provision in Trademark Rule 2.123(a) that the deposing party "bear the expense of oral cross-examination" and the express intent of that provision to "minimize the ability of a party seeking cross-examination to thwart the [proferring] party's efforts to rein in the cost of litigation by opting for testimony by affidavit or declaration" and to add "no burden" on the proferring party in the nature of additional travel expenses or attorney expenses associated with producing its witness for elected oral cross-examination. Notice of Final Rulemaking, 81 Fed. Reg. at 69964.

As has been the Board's standard practice concerning deposition notices, we determine whether a location constitutes a "reasonable … place" for cross-examination of a testimonial declarant under the individual circumstances of each case. *Cf. Duke Univ. v. Haggar Clothing Co.*, 54 USPQ2d 1443, 1444 (TTAB 2000) (stating that, for both testimony and discovery depositions, "[w]hether notice is reasonable is determined under the individual circumstances of each case"). Here, each of the four witnesses would have to miss two or more days of work to travel from Washington, D.C. to California for cross-examination. On the other hand, as Opposer argues, had the direct testimony of these four witnesses been taken by deposition rather than declaration, Opposer would have taken the depositions in Washington,

---

the rule that the party electing to take cross examination "bear the expense of oral cross-examination" includes the cost of procuring accommodation for the deposition, if, for example, it is not possible to take the deposition at the witness's residence or place of work, or the office of the proferring party or its counsel. As an aside, the Board assumes that Applicant's repeated citations to "Rule 7.03.01" refer to TBMP § 703.01, and notes that while the TBMP is a guide for practitioners, it does not modify, amend, or serve as a substitute for any statutes, rules or decisional law. TBMP § 101.05.

D.C., where the witnesses live and work, not in California, and Applicant's counsel would have had to travel there to conduct cross-examination. Thus, conducting elected cross-examination in Washington, D.C. under the amended rule would not impose any additional burden on Applicant. Accordingly, Applicant's notice of election to take cross-examination of the Declarants in Santa Monica, California, does not comply with the Trademark Rule 2.123(c) requirement that such cross-examination be taken in a "reasonable … place."[2]

Opposer states that it offered to make the witnesses available for cross-examination by videoconference or telephone. Applicant responds in part that "there is no Board Rule or provision permitting trial cross-examination by remote means." *See* Response Brief, p. 2, n.2 (74 TTABVUE 3). Applicant is mistaken. Trademark Rule 2.123(b), 37 C.F.R. § 2.123(b), provides: "If the parties so stipulate in writing, depositions may be taken . . . in any manner." *See also Sunrider Corp. v. Raats*, 83 USPQ2d 1648, 1654 (TTAB 2007) (stating that trial testimony depositions may be taken by telephone on stipulation); *Hewlett-Packard Co. v. Healthcare Person. Inc.*, 21 USPQ2d 1552 (TTAB 1991) (same).[3] Thus, Applicant may accept Opposer's offer and thereby satisfy at least some of its concerns about cross-examination.

---

[2] Under ordinary circumstances, a reasonable place for cross-examination would be in the vicinity of the witness's place of business or domicile, in other words at the location where an oral testimony deposition would have occurred in the United States.

[3] No matter how the cross-examination is conducted, transcripts must be submitted pursuant to Trademark Rules 2.123(f)(2) and (g), 37 C.F.R. § 2.123(f)(2) and (g). The Board does not accept video testimony. Notice of Final Rulemaking, 81 Fed. Reg. at 69964; TBMP § 703.01(i).

Opposer's motion to quash the notice of election of cross-examination is **granted**. Applicant is allowed <u>**ten days**</u> from the mailing date of this order to file a new notice of election of cross-examination of the Declarants in Washington, D.C., or in any manner and any place to which the parties stipulate (bearing in mind the requirements of Trademark Rules 2.123(f)(2) and (g) discussed above), failing which trial dates will be reset beginning with Applicant's testimony period.[4] TBMP § 703.

Proceedings remain otherwise **suspended**.

---

[4] Applicant argues that if Opposer's motion is granted, it should be permitted to conduct oral cross-examination of the Declarants at a location adjacent to one of the three commercial airports that service the District of Columbia. The Board notes that Opposer has offered to provide a conference room at the Postal Service headquarters in Washington, D.C. for cross-examination, which would relieve Applicant of the expense of renting space for the depositions. *See* Reply Brief, p. 8 n.4 (75 TTABVUE 9). Thus it appears that several potentially "reasonable" alternative locations are available to Applicant.